IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOSHUA CODY SMITH**                                                                **PLAINTIFF**

V.                          **CASE NO. 5:19-CV-05026**

**KEN ORSI, Supervisor, Trinity Services; and**
**NURSE FRAN**                                              **DEFENDANTS**

## OPINION AND ORDER

Joshua Cody Smith ("Smith"), currently an inmate of the Benton County Detention Center ("BCDC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Smith names as Defendants Ken Orsi, the supervisor of Trinity Food Services at the BCDC, and Nurse Fran, a member of the medical staff at the BCDC. Smith has sued the Defendants in both their individual and official capacities.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2).

### I.   BACKGROUND

According to the allegations of the Complaint, on December 14, 2018, unbeknownst to Smith, his drink, a "dark soda pop" served in a paper cup, contained the tab from the top of the drink can. When Smith took the last swallow of his drink, the can

tab became lodged in his throat. Smith alleges the tab caused him to choke, cut his throat, and made him spit up blood. Smith asserts that he had purchased the drink from Trinity Food Services. Smith suspects that the tab was put in his drink by "someone." Smith names Orsi as the involved Defendant on this claim.

Next, Smith alleges he was denied medical care. Specifically, he asserts that Nurse Fran told him: "Hope you don't ask me for a cough drop. My name is Fran with medical if you want to put a grievance in." Smith names both Nurse Fran and Orsi as the Defendants on this claim.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III.  DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

### 1. The Can Tab

Smith's claim regarding the can tab being in his drink fails as a matter of law. Smith does not allege that Orsi served him the drink, poured the drink in the cup, or had any knowledge that the can tab was in the cup. For a supervisor to be held liable under § 1983, he must be personally involved in or be directly responsible for the events at issue. *See Hughes v. Stottlemyre,* 454 F.3d 791, 798 (8th Cir. 2006). A supervisor cannot be held liable merely because someone he has supervisory authority over is alleged to have engaged in unconstitutional conduct. *Ambrose v. Young,* 474 F.3d 1070, 1079 (8th Cir. 2007). Furthermore, an isolated incident of a foreign object in food, or in this case drink, does not state a claim of constitutional dimension. *See, e.g., Wood v. Aramark Corr. Servs.,* 2010 WL 4668972, at *1 (W.D. Ark. Sept. 30, 2010).

### 2. Nurse Fran's Statement

Smith's denial of medical care claim also fails. "Prisoners . . . are protected under the Constitution from a state actor's deliberate indifference towards the inmate's serious medical needs." *Corwin v. City of Indep., Mo.,* 829 F.3d 695, 698 (8th Cir. 2016). To prevail on his claim, Smith must demonstrate that (1) he suffered an objectively serious medical need, and (2) the defendant actually knew of the medical need but, subjectively,

was deliberately indifferent to it. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation marks and citation omitted).

There is no allegation that Orsi, the food service supervisor, was involved in any way in the provision of medical care to inmates. Therefore, no claim is stated against him.

With respect to Nurse Fran, the gist of Smith's claim is that he did not like the way she spoke to him. Verbal abuse does not state a claim of constitutional dimension. *See, e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation). Here, Smith has not even alleged that he needed medical care, requested medical care, or suffered any injury other than spitting up some blood when he expelled the can tab. Certainly, the single statement made by Nurse Fran is insufficient to state a plausible denial of medical care claim, *i.e.*, that Nurse Fran was deliberately indifferent to his serious medical needs.

### 3. The Official Capacity Claim

An official capacity claim against Defendants is the equivalent of a claim against the municipal entity who employs them, here Benton County. *Rogers v. City of Little*

*Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). With respect to Benton County, Smith must allege the existence of a custom or policy that was the moving force behind the alleged constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Complaint is devoid of any such allegations. No official capacity claim has been stated.

## IV. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous and fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. **The Clerk is directed to enter a § 1915(g) strike flag on this case.**

**IT IS SO ORDERED** on this 20th day of February, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE